IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BYRON SARTOR                                                                                    PLAINTIFF

VS.                                      CASE NO. 1:12-CV-01011

MAYOR TONY COLE, Individually
and in his Official Capacity as
Mayor of the City of Huttig, Arkansas;
CITY OF HUTTIG, ARKANSAS                                                         DEFENDANTS

## ORDER

Pending is Defendants' Motion for Summary Judgment. (ECF No. 20). Plaintiff has responded (ECF Nos. 27 & 28), and Defendants have replied. (ECF No. 32). The matter is ripe for the Court's consideration.

## BACKGROUND

Huttig, Arkansas, through its mayor, Larry Hodge, hired Plaintiff as Police Chief in December 2009. Plaintiff signed a five-year contract with the City in June 2010. Though he was hired for a five-year term, his contract allowed him to be fired for cause.

Mayor Tony Cole came into office in January 2011, and fired Plaintiff on January 3. The stated reason for Mayor Cole's decision was "incoming staff." A week later, on January 10, 2011, Huttig's City Council vetoed Mayor Cole's decision to fire the Plaintiff, and Plaintiff was reinstated. Several months later things again became strained between Plaintiff and Mayor Cole. Mayor Cole suspended Plaintiff with pay on August 8, 2011, allegedly because he believed Plaintiff's cluster-migraine headaches would prevent Plaintiff from fulfilling his duties as police

chief, and because Plaintiff impermissibly let his wife ride with him while he was on duty. The suspension was to last indefinitely. Plaintiff and Mayor Cole met the next day. At the meeting, Mayor Cole told the Plaintiff that Plaintiff's migraines put the city at risk, and that none of the doctors the city consulted could vouch for Plaintiff's ability to continue on the job. Mayor Cole gave the Plaintiff a choice: resign or be fired. Plaintiff refused to resign, and Mayor Cole fired him.

By letter dated August 24, 2011, Plaintiff informed the city council that he was appealing his termination. Plaintiff, accompanied by his attorney, came to the November 13, 2011 city council meeting to present his case. Plaintiff's attorney showed a video of Plaintiff's August 9 meeting with Mayor Cole. After a short and contentious discussion of Plaintiff's firing, the council voted on whether to adjourn the meeting. The vote was a three–three tie. Mayor Cole cast the tie-breaking vote to adjourn. Because the city council failed to veto Mayor Cole's termination decision, Plaintiff remained fired.

Plaintiff brought this suit on December 12, 2011 in Union County Circuit Court. He makes the following claims against the council and Mayor Cole: 1) breach of contract; 2) abuse of process; 3) breach of the covenant of good faith and fair dealing; and 4) violation of procedural due process. Defendants removed the case to this Court on February 17, 2012 relying on the due-process claim for federal-question jurisdiction. The parties are now before the Court on Defendant's motion for summary judgment.

**STANDARD OF REVIEW**

The standard of review for summary judgment is well established.  The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 256.

**DISCUSSION**

As noted above, this case is in federal court because of Plaintiff's due-process claim. That claim arises under 42 U.S.C. § 1983, and gives the Court federal-question jurisdiction. 28 U.S.C. § 1331. Plaintiff's remaining claims are before the Court on supplemental-jurisdiction grounds because they "form a part of the same case or controversy" as the due-process claim. 28 U.S.C. § 1367(a). Therefore, if summary judgment is proper on Plaintiff's due-process claim, the Court "may decline" to exercise supplemental jurisdiction over the other claims. 28 U.S.C. § 1367(c)(3). Because Defendants are entitled to summary judgment on Plaintiff's due-process claim, the Court need not decide the merits of Plaintiff's remaining claims. Those claims belong in state court, and will be remanded there.

**I.   Procedural due process**

The Fourteenth Amendment's promise of procedural due process is violated when a protected property interest is at stake, the interest is taken, and it is taken without sufficient process. *Wooten v. Pleasant Hope R-VI Sch. Dist.*, 270 F.3d 549, 551 (8th Cir. 2001). Under Article 2 Section 21 of Arkansas's Constitution, "[d]ue process requires at a minimum that a person be given notice and a reasonable opportunity for a hearing before he is deprived of property by state action." *Ark. Dep't of Corr. v. Bailey*, 368 Ark. 518, 525, 247 S.W.3d 851, 856 (Ark. 2007) (quoting *Washington v. Thompson*, 339 Ark. 417, 425, 6 S.W.3d 82, 87 (Ark. 1999)). The first question the court must ask, then, is whether Plaintiff had a property interest at stake.

A contract may create a property interest. *Singleton v. Cecil*, 176 F.3d 419, 421–22 (8th Cir. 1999). Moreover, public employees who can be fired only for cause ordinarily have a constitutionally protected property interest in their employment. *Gilbert v. Homar*, 520 U.S. 924,

928–29 (1997). If an employee has "a reasonable and legitimate expectation of continued employment," then he has a protected property interest in that employment. *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 937 (8th Cir. 2008). Because expectations of employment ultimately come down to state employment law, Arkansas law governs the reasonableness of Plaintiff's employment expectations. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *Eddings v. City of Hot Springs, Ark.*, 323 F.3d 596, 601 (8th Cir. 2003).

Arkansas law gives mayors of first- and second-class cities and incorporated towns the power to "appoint and remove department heads" unless the city council votes by two-thirds to override the mayor's decision. ARK. CODE ANN. § 14-42-110(a) (West 2012). The statute applies to police chiefs. *Sykes v. City of Gentry, Ark.*, 114 F.3d 829 (8th Cir. 1997); *Foster v. City of Holly Grove*, No. 4:05-CV-000563 SWW, 2006 WL 686273, at *2 (E.D. Ark. Mar. 16, 2006). Where the statute applies, it eliminates any property interest in a police-chief position. *Sykes*, 114 F.3d at 831 ("Any property interest [police chief] had in his position was eliminated when the Arkansas Legislature enacted § 110.").

ARK. CODE ANN. § 14-42-110 decides this case on the undisputed facts. The 2010 census puts Huttig's population at 597. *2010 Census Interactive Population Search*, CENSUS.GOV, http://2010.census.gov/2010census/popmap/ipmtext.php?fl=0534090:05 (last visited July 20, 2012). Plaintiff estimates the city's population at 700. (ECF No. 4, at 1). Either population makes Huttig a city of the second class under Arkansas law. ARK. CODE ANN. § 14-37-103(a)(2) ("All cities having five hundred (500) inhabitants or more and fewer than two thousand five hundred (2,500) inhabitants shall be deemed cities of the second class."). Because Huttig is a city of the second class, Huttig's mayor, Tony Cole, is covered by ARK. CODE ANN. § 14-42-110(a).

Arkansas and Eighth Circuit law are clear that "[a]ny property interest [plaintiff] had in his position [as police chief] was eliminated when the Arkansas Legislature enacted § 110." *Sykes*, 114 F.3d at 831. Standard due-process analysis requires a property-interest deprivation and an absence of constitutionally sufficient process. *Swarthout v. Cooke*, ___U.S.___, 131 S. Ct. 859, 861 (2011). Because Plaintiff lacks a property interest of which to be deprived, his due-process claim must fail on the facts.

## CONCLUSION

Arkansas law precluded Plaintiff from having a protected property interest in his job as Huttig police chief. Lacking that interest, he may not bring a due-process claim regarding his firing. Therefore, Defendants' Motion for Summary Judgment (ECF No. 20) should be and hereby is **GRANTED** as to Plaintiff's due-process claim. Plaintiff's due-process claim under Arkansas and federal law is **DISMISSED**.

The Court declines to continue exercising supplemental jurisdiction over Plaintiff's remaining claims, having dismissed all claims over which it has original jurisdiction in this case. 28 U.S.C. §1367(c)(3); *D.J.M. ex rel. D.M. v. Hannibal Pub. Sch. Dist. No. 60*, 647 F.3d 754, 767 (8th Cir. 2011). Plaintiff's remaining claims are therefore **REMANDED** to Union County Circuit Court for further proceedings.

IT IS SO ORDERED, this 20th day of July, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge